[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11845
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00051-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIQUELME AVILA PADRON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 12, 2012)

Before TJOFLAT, CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Riquelme Avila Padron appeals his sentence of 21 months' imprisonment imposed after he pled guilty to access device fraud, in violation of 18 U.S.C. § 1029(a)(2) and (c).  At sentencing, the district court applied a two-level increase to his base offense level, pursuant to U.S.S.G. § 2B1.1(b)(11)(B)(i), because it determined that the underlying offense involved the production of the counterfeit credit cards that Padron used during the offense.  On appeal, Padron argues that the district court erred in applying the § 2B1.1(b)(11)(B)(i) increase because there is no evidence linking him to the production of the cards, as opposed to his use of the cards.  According to Padron, because he was individually charged, his actual and relevant conduct did not extend to the actions of third parties.  Padron contends that although someone must have produced the cards, there was no nexus between who produced the cards and Padron.

We review a district court's factual findings for clear error and, in most cases, review a district court's application of the Guidelines to the facts with due deference, which is equivalent to clear error review.  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010); *see United States v. Barrington*, 648 F.3d 1178, 1202-03 (11th Cir. 2011) (reviewing the district court's finding as to whether a defendant's offense involved the production of unauthorized access devices for clear error and determining that the court properly applied a two-level

2

increase pursuant to U.S.S.G. § 2B1.1(10)(B)).[1]  We have previously stated that there is no clear error in cases where the record supports the district court's findings.  *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).  Thus, there is no clear error where the sentencing court fails to make individualized findings regarding the scope of a defendant's activity, but the record supports the court's determination with respect to offense conduct, including the imputation of others' unlawful acts to the defendant.  *Id.*; *see United States v. De Varon*, 175 F.3d 930, 939-40 (11th Cir. 1999) (*en banc*) (providing that, in making the ultimate determination as to whether a minor role reduction applies, pursuant to U.S.S.G. § 3B1.2, the sentencing court is not required to make any specific subsidiary findings).  A district court's choice between two permissible views of the evidence is not clearly erroneous.  *De Varon*, 175 F.3d at 945.  We must be left with a definite and firm conviction that the district court has committed a mistake in order for its finding to be clearly erroneous.  *Rothenberg*, 610 F.3d at 624.

Under U.S.S.G. § 2B1.1(b)(11)(B)(i), a two-level increase applies where an offense involved the production or trafficking of any unauthorized access device or counterfeit access device.  An "access device" includes a card or an account

---

[1] In 2011, U.S.S.G. § 2B1.1(b)(10) was redesignated as § 2B1.1(b)(11), without substantive change.  *See* U.S.S.G. App. C, Amend. 749.

number that can be used to obtain a thing of value.  18 U.S.C. § 1029(e)(1); *see*

*Barrington*, 648 F.3d at 1201 (defining "access device" as used in

§ 2B1.1(b)(10)(B)), *cert. denied*, 132 S.Ct. 1066 (2012).  The term "produce"

includes the terms "design, alter, authenticate, duplicate, or assemble."  18 U.S.C.

§ 1029(e)(4); *see* U.S.S.G. § 2B1.1, comment. (n.9).

The Guidelines provide that specific offense characteristics are based on a

defendant's relevant conduct.  *See* U.S.S.G. § 1B1.3(a); *see also* U.S.S.G. § 1B1.1

comment. (n.1(H)) (defining "offense" as the offense of conviction and all relevant

conduct under § 1B1.3).  Relevant conduct includes all acts and omissions

committed by the defendant, as well as all reasonably foreseeable acts and

omissions of others in furtherance of jointly undertaken criminal activity.

U.S.S.G. § 1B1.3(a)(1)(A) and (B).  To determine the defendant's accountability

for the conduct of others, the court must first determine the scope of the criminal

activity the particular defendant agreed to jointly undertake.  U.S.S.G. § 1B1.3,

comment. (n.2); *United States v. Hunter*, 323 F.3d 1314, 1319 (11th Cir. 2003)

(describing the findings a district court must make before holding a defendant

accountable for the conduct of others).  Then, the court must determine whether

the conduct of others was in furtherance of, and reasonably foreseeable in

connection with, the criminal activity jointly undertaken by the defendant.

4

U.S.S.G. § 1B1.3, comment. (n.2).  If so, then that conduct is attributable to the defendant as relevant conduct.  *Id.*

The undisputed facts in Padron's presentence investigation report demonstrate that there was jointly undertaken criminal activity, because Padron agreed at a meeting with a friend to use credit cards, provided by that friend, to obtain things of value.  The fact that those counterfeit cards were embossed with Padron's name demonstrates that there was a nexus between the jointly undertaken criminal activity and the production of the cards, such that it could be inferred that someone involved in the joint criminal activity produced the cards in furtherance of that activity.  Thus, the district court properly applied the two-level increase because it did not clearly err in its determination that the offense, which included all relevant conduct, involved the cards' production, as the record supports its finding.  Accordingly, we affirm Padron's sentence.

**AFFIRMED.**