[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10342
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60170-BB-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

ANTONIO JAMES,
a.k.a. "T",

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 11, 2016)

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Antonio James appeals his 36-month sentence, which was imposed after James pleaded guilty to possession of a short-barreled rifle, in violation of 26 U.S.C. § 5861(d).  On appeal, James argues that the district court erred in applying a four-level sentencing enhancement, pursuant to U.S.S.G. § 2K2.1(b)(4)(B), for James's possession of a gun with an obliterated serial number.  No reversible error has been shown; we affirm.

We review the district court's conclusions of law de novo and the findings of fact that support a sentencing enhancement for clear error. United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010).  We review with "due deference" the district court's application of the sentencing guidelines to the facts.  Id.  Under this standard, we will not reverse unless we are "left with a definite and firm conviction that a mistake has been committed."  Id.

Under the sentencing guidelines, a defendant receives a four-level enhancement if his offense involved a gun with "an altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(4)(B). The guidelines provide expressly that this enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." Id., comment. (n.8(B)).

The district court committed no error in applying a section 2K2.1(b)(4)(B) enhancement. James stipulated that he possessed a commercially-manufactured gun with no identifiable serial number. On these facts, James was eligible for the sentencing enhancement.

James contends, however, that the enhancement is inapplicable because the serial number on the gun had not been "altered or obliterated" intentionally: the serial number was merely "worn down." Nothing in the plain language of the guideline provision requires the serial number to have been tampered with intentionally. Instead, the guidelines impose strict liability on a defendant for possessing a gun with an "obliterated" serial number, even if the defendant had no knowledge or reason to know about the condition of the serial number.

3

See id.  The guidelines make no distinction between serial numbers that have been obliterated intentionally from those numbers that have otherwise been obliterated by forces of nature.  James cites no legal support for his interpretation of section 2K2.1(b)(4)(B); and we have found no cases in which this Court, the United States Supreme Court, or another circuit court has interpreted the enhancement to require an intentional act.

James also contends that the government breached the plea agreement when it sought an enhancement under section 2K2.1(b)(4)(B).  James bases his argument on evidence of a series of emails between his former defense counsel and the prosecutor, in which James contends that the prosecutor implied that the government would seek no enhancement.

In determining whether the government breached a plea agreement, we must determine "whether the government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea."  United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008).

James's written plea agreement contains an integration clause stating that the plea agreement represents "the entire agreement and understanding" between James and the government and that "no other agreements, promises, representations, or understandings" exist. The plea agreement is silent about enhancement under section 2K2.1(b)(4)(B). Also, at the change-of-plea hearing, James testified that (1) the plea agreement represented the entire understanding that he had with the government and (2) his guilty plea was not being made in reliance on promises or assurances not contained in the plea agreement.

In the light of these facts, James could not have relied reasonably on his mistaken understanding that the government would seek no enhancement. See Al-Arian, 514 F.3d at 1191-93 (defendant could not understand reasonably that he would be immune from future testimony when the plea agreement contained no provision about future testimony, the plea agreement contained an integration clause, and defendant testified at the plea hearing that his plea was not made in reliance on promises or inducements made outside of the plea agreement). Nothing in James's plea agreement prohibited the government from seeking an

5

enhancement under section 2K2.1(b)(4)(B); the government committed no breach.

AFFIRMED.