[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15548
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20441-KMM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIRTHA CARRION JIMENEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 27, 2018)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Mirtha Carrion Jimenez appeals her 27-month sentence after pleading guilty

to one count of conspiracy to commit healthcare fraud, in violation of 18 U.S.C. §

1349.   The district court applied a two-level minor participant reduction under

U.S.S.G. § 3B1.2, rather than her requested four-level minimal participant reduction, and applied a two-level increase to Jimenez's offense level for use of a sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C). On appeal, she argues that her sentence is procedurally and substantively unreasonable. After thorough review, we affirm.

We ordinarily consider legal issues de novo, review factual findings for clear error, and apply the guidelines to the facts with due deference, which is akin to clear error review. United States v Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010). We review for clear error a district court's determination of the defendant's role in the offense and whether the defendant used sophisticated means. United States v. Barrington, 648 F.3d 1178, 1199 (11th Cir. 2011); United States v. De Varon, 175 F.3d 930, 938 (11th Cir. 1999) (en banc). Review for clear error is deferential, and we will not disturb a district court's findings unless we are left with the definite and firm conviction that a mistake was committed. United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010). We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted).

First, we are unpersuaded by Jimenez's claim that the district court procedurally erred in imposing her sentence. In reviewing sentences for

2

procedural reasonableness, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]    The district court need not explicitly say that it considered the § 3553(a) factors, as long as the court's comments show it considered the factors when imposing sentence. United States v. McGarity, 669 F.3d 1219, 1263 (11th Cir. 2012).

Section § 3B1.2 of the Sentencing Guidelines provides for a four-level decrease if the defendant was a "minimal participant" in the criminal activity, a two-level decrease if the defendant was a "minor participant," and a three-level decrease if the defendant's participation was between these two. U.S.S.G. § 3B1.2. A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." Id. § 3B1.2

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

cmt. n.5.  A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group."  Id. § 3B1.2 cmt. n.4.  A "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."  Id.

The district court undertakes a two-pronged inquiry to determine whether the minimal-role reduction applies, considering all probative facts involving the defendant's role and evaluating the "totality of the circumstances."  United States v. Wenxia Man, 891 F.3d 1253, 1274 (11th Cir. 2018) (quotation omitted).  It first considers the defendant's role -- whether he was a minor or minimal participant -- in relation to "the relevant conduct for which he has been held accountable at sentencing."  Id. (quotation omitted); see De Varon, 175 F.3d at 940.  Second, it considers the defendant's "role as compared to that of other participants in his relevant conduct."  Wenxia Man, 891 F.3d at 1274 (quotation omitted); see De Varon, 175 F.3d at 944.  Not all participants may be relevant to this inquiry, and the role is only measured against other participants involved in the relevant conduct attributed to the defendant.  De Varon, 175 F.3d at 944.  The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to the reduction.  Id. at 939.

Section 2B1.1(b)(10)(C) provides for a two-level increase if "the offense otherwise involved sophisticated means and the defendant intentionally engaged in

or caused the conduct constituting sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C).  Note 9 sets out "sophisticated means" as "especially complex or . . . intricate offense conduct pertaining to the execution or concealment of an offense."  Id. cmt. n.9(B).  Further, "[c]onduct such as hiding assets or transactions, or both, through the use of fictitious entities . . . also ordinarily indicates sophisticated means." Id.  In United States v. Presendieu, 880 F.3d 1228, 1248 (11th Cir. 2018), we pointed out that the guideline directs the sentencing court to focus less on whether the totality of the scheme was sophisticated (as an earlier, inapplicable version had) and "more on the individual's own conduct to determine whether the offense involved sophisticated means." Id. at 1244.

We begin by noting that Jimenez has failed to show that the district court did not adequately explain her sentence.  As the record reveals, the district court explicitly said that it had considered the presentence investigation report ("PSI"), the advisory guideline range, the § 3553(a) factors, and the parties' statements -- which included all of Jimenez's mitigation evidence.  These statements alone are sufficient to explain a particular sentence. See McGarity, 669 F.3d at 1263.

As for Jimenez's claim that the district court clearly erred in applying the minor-role reduction and not the minimal-role reduction, we also disagree.  The relevant parts of the record reveal that Jimenez and several codefendants were involved in a Medicare fraud scheme orchestrated by codefendants Orlando

5

Bustabad and Orlando Olver Bustabad, and as part of this scheme, Jimenez became the president and registered agent of Euro Pharma. Jimenez, with codefendants, submitted and caused the submission of fraudulent claims totaling $760,513, and as a result of their fraudulent claims, Medicare paid a total of $340,256.

On this record, Jiminez has not shown that the district court clearly erred in applying only a minor-role reduction. Jimenez was held accountable at sentencing for her nominal ownership of Euro Pharma, cashing seven checks, opening bank accounts with Pro Checks and Chase Bank, and for an intended loss of $760,513. The other actors involved in this relevant conduct are limited; many of her codefendants were involved in separate conduct at other pharmacies, outside of Jimenez's attributable conduct. Thus, her involvement, whether minor or minimal in the entire scheme of many pharmacies, is irrelevant to her role for a role reduction. Moreover, while she may not have been as culpable as the Bustabads or her daughter -- who she claims directed her in her role at Euro Pharma -- we cannot say that as the nominal owner, cashing checks, and opening bank accounts in furtherance of the fraud scheme Jimenez was plainly among the least involved. Accordingly, we affirm the district court's application of the role reduction.

As for the sophisticated-means enhancement, the language of Note 9 provides that the sophisticated-means enhancement applies to "[c]onduct such as hiding assets or transactions . . . through the use of fictitious entities." U.S.S.G. §

2B1.1(b)(10)(C), cmt. n.9(B).   In applying the enhancement, the district court properly considered Jimenez's individual conduct, see Presendieu, 880 F.3d at 1244, 1248, which involved her role as a nominal owner to conceal the true identity and full nature of the conspiracy.  In particular, Jimenez agreed to serve as president and registered agent of a pharmacy used by the conspiracy to defraud Medicaid out of approximately $340,256, she cashed Medicare checks, and she opened two bank accounts in furtherance of the conspiracy.  In light of the significant funds involved and her role in the scheme, we cannot say that the district court clearly erred by concluding that Jimenez engaged in sophisticated means warranting the enhancement.  Ghertler, 605 F.3d at 1267.  Thus, Jimenez has not shown any procedural error in the imposition of her sentence.

We also are not persuaded by Jimenez's claim that her 27-month sentence is substantively unreasonable.  Once we've concluded that the district court did not procedurally err in imposing a sentence, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances."  Pugh, 515 F.3d at 1190 (quotation omitted).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis

omitted).  However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably.  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence.  United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).

A sentence well below the statutory maximum penalty is an indicator of reasonableness.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).  The party challenging the sentence bears the burden of showing that the sentence is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Jimenez's 27-month sentence, at the low end of the guideline range and well below the 20-year statutory maximum sentence, is substantively reasonable.  Not only did the district court adequately explain the sentence, as we've already concluded, but the record supports its reasonableness.  At sentencing, Jimenez argued that a codefendant, Alex Sierra, was sentenced to only 24 months' imprisonment despite being the nominee owner of two pharmacies.  Notably, however, the court distinguished Jimenez from this codefendant because

8

he was responsible for a smaller loss amount than Jimenez.  See 18 U.S.C. § 3553(a)(6).  Further, according to the record, Sierra was actually the nominee owner of only one pharmacy.  Although another codefendant, Alex Mena, received the same sentence as Jimenez, despite being the nominee owner of two pharmacies and responsible for slightly more loss than Jimenez, Jimenez has not demonstrated that the district court failed to consider relevant factors that were due significant weight, gave an improper or irrelevant factor significant weight, or balanced the proper factors unreasonably.  See Irey, 612 F.3d at 1191; see Tome, 611 F.3d at 1378.  Rather, the record demonstrates that the district court considered the seriousness of Jimenez's offense, finding that being a nominee owner was an integral part of the success of the conspiracy, while acknowledging that Jimenez was the nominee owner of only one pharmacy.  See 18 U.S.C. § 3553(a)(2)(A).

   **AFFIRMED**.