[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11296
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cr-80099-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN SCOTT MITCHELL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 12, 2019)

Before ED CARNES, Chief Judge, JILL PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Kevin Scott Mitchell appeals his 240-month downward-variance sentence for distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and sexually exploiting a minor for the purpose of producing child pornography in violation of 18 U.S.C. § 2251(a) and (e).  He contends that his sentence is procedurally unreasonable because the district court improperly applied a five-level sentencing enhancement.  He also challenges the substantive reasonableness of his sentence.

We review the reasonableness of the district court's sentence using a two-step process.  United States v. Trailer, 827 F.3d 933, 935 (11th Cir. 2016).  We first review the district court's sentencing decision for procedural error, such as whether it improperly calculated the guideline range or treated the guidelines as mandatory.  Id. at 936.  We review de novo the district court's interpretation of the guidelines.  United States v. Barrington, 648 F.3d 1178, 1194–95 (11th Cir. 2011).  We then review the sentence itself for substantive reasonableness.  Trailer, 827 F.3d at 936.  At this step we consider the totality of the circumstances to determine whether the district court abused its discretion in handing out the sentence it did.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

Mitchell first contends that the district court erred by applying a five-level enhancement under U.S.S.G. § 4B1.5(b)(1).  That enhancement applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime,

2

neither § 4B1.1 nor subsection (a) of this guideline [relating to career offender enhancements] applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b) (2016). A "pattern of activity" means that the defendant engaged in prohibited sexual conduct with a minor on at least two separate occasions. Id. § 4B1.5 cmt. 4(b)(i). Here, Mitchell pleaded guilty to the production of child pornography, which is a covered sex crime; none of the career offender enhancements were applicable; and Mitchell admitted to having taken videos of three separate sexual encounters between himself and a minor. By its plain terms the enhancement applies.

Mitchell does not dispute that. Instead he relies on public policy concerns to argue that the enhancement should not apply to him. He reasons that the purpose of the enhancement is to deter recidivists from reoffending, so it should apply only to defendants with a high risk of recidivism — not to defendants like himself who are first-time offenders with a low risk of recidivism. He also argues that the five-level enhancement he received under § 2G2.2(b)(5) for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor" accomplished the public policy goal of punishing him for his repeated offenses, so there could be no

3

reason other than addressing recidivism for the additional chapter four enhancement.[1]

The district court correctly rejected this argument. When calculating the guideline range a court must apply the guidelines as they are written. See Gall, 552 U.S. at 49, 128 S. Ct. at 596. Only after correctly calculating and considering the guideline range may a court then consider any policy-based arguments. Id. at 49–50. That is what the district court did here.

Mitchell next challenges the substantive reasonableness of his sentence. His advisory guideline range was 324 to 405 months, from which the district court varied downward to impose a sentence of 240 months. After discussing at sentencing the applicability of the § 3553(a) factors, the district court stated that it was varying downward because "the guideline range [was] elevated in terms of the number of enhancements that are applied" and "the guidelines overrepresent the seriousness of the conduct."

Mitchell argues that the district court should have varied downward even more. He asserts that the court did not sufficiently consider that he was a first-time offender, that he will be eighty years old when released from prison unless his

---

[1] Mitchell does not argue that the application of the two enhancements constitutes double counting. See United States v. Rothenberg, 610 F.3d 621, 624 n.4 (11th Cir. 2010) (applying both § 2G2.2(b)(5) and § 4B1.5(b)(1) enhancements); U.S.S.G. § 4B1.5(b)(1) (instructing that the "offense level shall be 5 plus the offense level determined under Chapters Two and Three").

4

sentence is reduced, and that he has a low chance of recidivism because of his age. But the weight to give to any particular sentencing factor is committed to the sound discretion of the district court. United States v. Dougherty, 754 F.3d 1353, 1361–62 (11th Cir. 2014). That the district court weighed the § 3553(a) factors differently than Mitchell would like does not mean that the court abused its discretion. See id.; United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010) (explaining that the party challenging the sentence bears the burden of establishing that the sentence was unreasonable). Reviewing the totality of the circumstances, we are not left "with the definite and firm conviction that the district court committed a clear error of judgment." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

**AFFIRMED.**