[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15080
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00251-LSC-JHE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARKE QUSHAWN VARNER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 27, 2019)

Before JORDAN, BRANCH and HULL, Circuit Judges.

PER CURIAM:

Marke Varner appeals his 120-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l).  First, Mr. Varner contends that the district court clearly erred when it found, by a preponderance of the evidence, that he had possession of the guns found in the vehicle.  Second, he argues that the district court clearly erred when it found that he had possession of the "rock-like substance" found in the driver's side door panel.  After reviewing the record and the parties' briefs, we affirm Mr. Varner's sentence.

**I**

On February 25, 2018, police received a call regarding a person with a weapon in a hotel parking lot.  When the officers arrived, they saw a male, later identified as Mr. Varner, seated in the front passenger seat of a Ford Crown Victoria.  The officers also saw another male standing between the Crown Victoria and a Nissan Altima speaking with a woman.  When Mr. Varner saw the police officers, he exited the Crown Victoria and attempted to flee.  While running after Mr. Varner, officers saw him throw a concealed handgun, a 9mm Barretta pistol with a large capacity magazine, over a fence.  A few seconds later, a police officer caught Mr. Varner and arrested him.

When the officers returned to the Crown Victoria, they saw a loaded AR-15 rifle in the back seat, a loaded AR-style pistol on the floor in front of the passenger seat, and a loaded AK-47 pistol in between the front seats.  The AK-47 pistol had an

obliterated serial number and the AR-style pistol was stolen.  An inventory of the car also revealed a white "rock-like substance" in a bag in the driver's side door panel.

Mr. Varner was charged in an indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l).  During his plea hearing, Mr. Varner pled guilty to possessing the Beretta but specifically denied possessing the weapons found in the vehicle.

The probation department calculated Mr. Varner's base offense level as 22 under U.S.S.G. § 2K2.1, and assessed a number of aggravating enhancements.  A two-level enhancement, under § 2K2.1(b)(1)(A), because the offense involved more than three but less than seven guns; a four-level enhancement, under § 2K2.1(b)(4)(B), because the offense involved a firearm that had an obliterated serial number; and a four-level enhancement, under § 2K2.1(b)(6)(B), because he possessed a gun in connection with another felony offense.  The probation department also gave Mr. Varner a three-level reduction under § 3E1.1(a)–(b) because he accepted responsibility for the offense.

In calculating Mr. Varner's criminal history, the probation department listed three separate armed robbery convictions, but the sentences were treated as a single sentence because the offenses were not separated by an intervening arrest and the sentences were imposed on the same day.  Mr. Varner's criminal convictions

resulted in five criminal history points, but two additional points were added because he committed this offense while on probation.  Based on Mr. Varner's total offense level of 29 and a criminal history category of IV, the advisory guideline imprisonment range was 121 to 151 months.  Nonetheless, the maximum term of imprisonment for a violation of 18 U.S.C. § 922(g)(1) is 120 months, and that became his guideline range.

Mr. Varner objected to the presentence investigation report because he believed it contained information, regarding the other guns and drugs found in the Crown Victoria, that he specifically denied at his plea hearing.  He argued that the probation department improperly used the government's factual claims as the basis for calculating the advisory guideline range.

At sentencing, the government called Officer Josh Freeman to testify in response to Mr. Varner's objections.  Officer Freeman testified that Mr. Varner attempted to flee when he and his partner arrived at the hotel parking lot.  Officer Freeman also said that he saw Mr. Varner throw a gun over a fence while fleeing, and that he found three additional guns in the car in which Mr. Varner was a passenger.  Officer Freeman testified that he found a cellophane bag containing a white "rock-like substance" in the car.  He said that he had recognized the substance through his training and experience, and testified that he performed a field test that showed the substance to be cocaine.

4

Mr. Varner objected to the field test evidence, arguing that the government could not show that the field test had a scientific basis for admissibility. The district court overruled the objection, noting the lesser evidentiary burden at sentencing. Also, the district court noted that it would take into account the totality of the evidence and not give the field test more weight than it was due. Officer Freeman admitted that he could not recall charging anyone else with possession of a controlled substance when he found alleged drugs on the opposite side of the car as the offender. The government called Officer Shaun Paperd, Officer Freeman's partner, who testified to the same facts as Officer Freeman.

The district court overruled Mr. Varner's objections to the presentence investigation report because it believed that the government proved, by a preponderance of the evidence, that Mr. Varner possessed the guns and cocaine found in the car. The district court adopted the presentence investigation reports' factual findings and advisory guideline calculations. Mr. Varner objected to the district court's findings, arguing that Officer Freeman could not recall charging the passenger of a vehicle with possession of an item found on the driver's side and that no evidence established that the "rock-like substance" was cocaine.

The district court sentenced Mr. Varner to 120 months' imprisonment as to Count 1, followed by 3 years of supervised release. The district court said that if it had sustained Mr. Varner's objection related to the drug sentence enhancement, it

5

still would have sentenced him to 120-months even though the advisory guideline recommendation would have been lowered to 84–105 months. The district court explained that it believed 120-months was a proper sentence because of Mr. Varner's past armed robbery convictions, the number of guns found in the car, and his fleeing from the police.

## II

Mr. Varner raises a number of arguments on appeal. First, he argues that the district court clearly erred because the government presented insufficient evidence to show that he possessed any firearm other than the Beretta. Second, he contends that the district court clearly erred when it found that he had possession of the "rock-like substance" found in the driver's side door panel.

## A

Mr. Varner argues that his sentence was improperly enhanced because the government presented insufficient evidence to establish that he had possession of the guns found inside the vehicle. We disagree.

When reviewing the district court's findings with respect to the advisory guidelines, we consider legal issues *de novo* and factual findings for clear error. *See United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). In order to be clearly erroneous, a factual finding of the district court must leave us with a "definite and firm conviction that a mistake has been committed." *Id*. A factual finding

6

cannot be clearly erroneous when the factfinder is choosing between two permissible views of the evidence. *See United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).

In calculating a defendant's total offense level, the sentencing court is required to consider all "relevant conduct" that is attributable to the defendant. *See United States v. Maddox*, 803 F.3d 1215, 1221 (11th Cir. 2015). The government is required to prove a defendant's relevant conduct by a preponderance of the evidence. *See id*. at 1220. Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). Relevant conduct also includes any acts or omissions that were "part of the same course of conduct or common scheme or plan as the offense of conviction." § 1B1 .3(a)(2). Sentencing courts may consider uncharged and acquitted conduct in determining relevant conduct and the appropriate sentence. *See United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016).

Possession of a firearm may be either actual or constructive. *See United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011). Actual possession exists when a person has direct physical control over a thing. *See Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015). Constructive possession of a firearm exists when a defendant does not have actual possession, but instead knowingly has the power or right and

intention to exercise dominion and control over the firearm. *See Perez*, 661 F.3d at 576. Mere presence near a firearm is not enough to establish constructive possession. *See id.* In order to establish constructive possession, the government must prove through direct or circumstantial evidence that the defendant was aware or knew of the firearm's presence and had the ability and intent to later exercise dominion and control over the firearm. *See id.*

Here, Mr. Varner has failed to show that the district court clearly erred when it found that he had possession of the guns located in the front seat of the vehicle. The government introduced evidence that when the police arrived at the hotel parking lot, they saw Mr. Varner seated in the front passenger seat of the car. The arresting officers testified that they found an AR-style pistol on the front passenger seat and the AK pistol between the front seats shortly after Mr. Varner was arrested. Although it is true that Mr. Varner was not in actual possession of the guns left in the vehicle because he was not exercising physical possession over them at the time of his arrest, the district court had sufficient evidence to establish that Mr. Varner had constructive possession of the guns. Based on where the officers found the guns and where Mr. Varner was seating, the court could find that he knew of the guns and had the power and intent to exercise dominion and control over them. *See Perez*, 661 F.3d at 576.

8

In sum, considering the testimony of both officers, which placed Mr. Varner in the passenger seat next to the loaded AK-47 pistol between the seats and with the AR-style pistol on the floor in front of the passenger seat, we are not left with a "definite and firm conviction that a mistake has been committed" by the district court. *See Rothenberg*, 610 F.3d at 624. Thus, the district court's finding that Mr. Varner was in possession of the guns found in the vehicle was not clearly erroneous.

**B**

Mr. Varner contends that the district court clearly erred when it enhanced his sentence because he was found to have possession of the "rock-like substance" found in the driver's side door panel. Again, we disagree.

Although the Sentencing Guidelines are no longer mandatory, the district court is still required to consult, consider, and correctly apply them. *See United States v. Martinez*, 584 F.3d 1022, 1025 (11th Cir. 2009). Remand is not required, however, when a guideline error did not impact the ultimate sentence and the sentence is substantively reasonable. *See United States v. Keene*, 470 F.3d 1347, 1348–50 (11th Cir. 2006). If the district court states that its sentence would not have changed with a different advisory guideline calculation, we can assume there was an error, calculate the advisory guideline range without the error, and analyze whether the sentence would be substantively reasonable under that advisory guideline range. *See id*. at 1349–50.

9

We consider the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We will overturn a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). We must consider the totality of the circumstances, including the extent of any variance from the advisory guideline range. *Gall*, 552 U.S. at 51.

The district court may impose an upward variance if it concludes that the advisory guideline range was insufficient in light of a defendant's criminal history. *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). We have explicitly stated that "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015).

Here, we need not decide whether the district court correctly applied the drug enhancement because any alleged error was harmless. *See Keene*, 470 F.3d at 1348–50. The district court made clear that if it had not applied the drug enhancement, it would have imposed the same sentence. Thus, we need only determine whether the sentence is substantively reasonable. *See Keene*, 470 F.3d at 1349–50. If the district

10

court had not in applied the drug enhancement, Mr. Varner's total offense level would drop from 29 to 25, and his criminal history category would remain at IV. Thus, Mr. Varner's correct advisory guideline range would have been 84–105 months. Assuming the drug sentence enhancement was inapplicable, Mr. Varner's 120-month sentence would have resulted in an upward variance of 15-months from the top of that range.

When announcing Mr. Varner's sentence, the district court said: "If I had found the drugs were not attributable to you … I would have nevertheless given you 120 months because I would not have believed that sentence would have been appropriate considering your past conduct." D.E. 22 at 55. The district court considered that multiple guns were found in the vehicle and that Mr. Varner had run from the police officers. Furthermore, in justifying his sentence the district court considered Mr. Varner's extensive criminal history. *See Rosales-Bruno*, 789 F.3d at 1261. Therefore, even if the district court incorrectly applied the drug enhancement, any error was harmless because the district court would have still sentenced Mr. Varner to 120-months, which is a substantively reasonable sentence given Mr. Varner's prior robbery convictions and the facts relating to his felony possession offense. *See Irey*, 612 F.3d at 1190.

## III

For the foregoing reasons, we affirm Mr. Varner's 120-months sentence.

11

**AFFIRMED.**