[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10436
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cr-60146-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KASEEM ALEXANDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kaseem Alexander challenges on two grounds his 24-month sentence for knowingly possessing a firearm while knowing that he was a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Alexander pled guilty to 18 U.S.C. § 922(g)(1) after travelling from New York to Florida, where he went to a gun range and rented and fired several firearms.  Alexander filmed a video of himself at the gun range indicating where he was and posted that video to social media.

Alexander argues that the district court clearly erred when it found that the sporting-purpose reduction under U.S.S.G. § 2K2.1(b)(2) did not apply to his conduct.  He also argues that the district court abused its discretion by sentencing him to a substantively unreasonable 24-month sentence.  We address each issue in turn.

## I.

When reviewing the district court's findings with respect to guidelines issues, we consider legal issues *de novo*, factual findings for clear error, and the court's application of the Guidelines to the facts with due deference, which is akin to clear error review.  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).  To be clearly erroneous, a finding must leave us with a "definite and firm conviction that a mistake has been committed." *Id*.  The sentencing court's factual findings may be based upon evidence heard during trial, facts admitted by the defendant's guilty plea, undisputed statements in the PSI, or evidence presented at the sentencing

hearing.  *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009) ("A fact admitted to during a guilty plea cannot later be contested when it appears in the defendant's PSI.").

The Sentencing Guidelines provide that the base offense level for a defendant convicted of unlawfully possessing a firearm or ammunition is reduced to six "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition."  U.S.S.G. § 2K2.1(b)(2).  The defendant bears the burden of proving he is entitled to a sporting-purpose reduction under U.S.S.G. § 2K2.1(b)(2).  *United States v. Caldwell*, 431 F.3d 795, 799 (11th Cir. 2005).  The defendant must show that he possessed the firearm or ammunition *solely* for sporting or recreational purposes.  *See id.* at 797, 800; *see also* U.S.S.G. § 2K2.1(b)(2).  The reduction is not applicable if a firearm or ammunition was possessed for any other purpose, such as pawning a firearm another person used for sporting purposes.  *Caldwell*, 431 F.3d at 799-800.

The district court did not clearly err by finding that the sporting-purpose reduction did not apply to Alexander because Alexander did not prove that he possessed the firearms for *solely* a sporting purpose.  The facts Alexander admitted when he pled guilty and did not dispute in the PSI—that he created a video of himself inside the gun range, indicated in the video that he was at Big Al's gun

3

range, and posted the video on social media—support a finding that he had an additional purpose and, thus, was not eligible for the sporting-purpose reduction. *See Caldwell*, 431 F.3d at 799-800.  Given those undisputed facts, we are not left with a definite and firm conviction that the district court erred by concluding that the sporting-purpose reduction did not apply.  *See Rothenberg*, 610 F.3d at 624. Thus, we affirm as to this issue.

## II.

We review the reasonableness of a district court's sentence for an abuse of discretion.  *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).  When reviewing a sentence's reasonableness, we follow a two-step process, first ensuring a sentence is procedurally reasonable before examining whether the sentence is substantively reasonable.  *Id.* at 935.

We determine whether a sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Id.* at 936.  The § 3553(a) factors include, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the advisory guideline range, pertinent policy statements issued by the Sentencing Commission, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a).  The district court must impose a sentence "'sufficient, but not greater than necessary to comply with the purposes'" listed in § 3553(a)(2), such as the

4

need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *United States v. Nagel*, 835 F.3d 1371, 1376 (11th Cir. 2016) (quoting 18 U.S.C. § 3553(a)(2)). The district court has wide discretion to weigh the § 3553(a) factors, and we will affirm the district court's weighing unless it resulted in a clear error of judgment. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc). A sentence within the guideline range is expected to be reasonable, as is a sentence that is significantly less than the applicable statutory maximum. *Nagel*, 835 F.3d at 1377.

The district court did not abuse its discretion by sentencing Alexander to 24 months' imprisonment. It had wide discretion to weigh the § 3553(a) factors, and, given Alexander's previous firearm offense convictions, it did not make a clear error in judgment by giving more weight to the need to promote respect for gun laws over other sentencing factors. *See Irey*, 612 F.3d at 1189-90. Furthermore, Alexander's 24-month sentence was at the low end of his guideline range and well below the 10-year statutory maximum. *See Nagel*, 835 F.3d at 1377. Accordingly, we affirm Alexander's sentence.

     **AFFIRMED.**