[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-11200
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00047-JB-WC-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD BOUIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 26, 2021)

Before WILSON, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

James Bouie appeals the district court's decision to revoke his supervised release and impose a 14-month sentence of imprisonment, for possessing synthetic marijuana. He argues that the government failed to prove by a preponderance of the evidence that the substance he possessed was synthetic marijuana, and thus, the district court abused its discretion by revoking his supervised release.

We review a district court's revocation of supervised release for abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). And we review findings of fact for clear error. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). "For a finding to be clearly erroneous, this Court must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (internal quotation marks omitted). "Where a fact pattern gives rise to two reasonable and different constructions, the factfinder's choice between them cannot be clearly erroneous." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (internal quotation marks omitted). We defer to the factfinder's credibility assessment because the district court "personally observes the witness's testimony and is in a better position to assess witness credibility." *United States v. Jordan*, 978 F.3d 1251, 1262 n.8 (11th Cir. 2020).

Under 18 U.S.C. § 3583(e), a district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a) and upon finding by a preponderance of the

evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment. 18 U.S.C. § 3583(e); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). This burden "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotation marks omitted).

Here, the district court did not clearly err by finding by a preponderance of the evidence that Bouie possessed synthetic marijuana at the time of the traffic stop as both the state trooper who conducted the stop and Bouie's probation officer testified that Bouie admitted the substance he possessed was synthetic marijuana. Although Bouie denied making these admissions, the district was entitled to choose between the witnesses' conflicting version of events, and the district court's determination that Bouie's testimony was not credible warrants deference because the court personally observed the witnesses' testimony, and the district court's factual finding is not "contrary to the laws of nature, or . . . so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). The government did not need to present a positive drug test or test the substance to establish proof, because the standard is only more probable than not. Because the district court did not clearly err in finding that Bouie possessed synthetic marijuana, in violation of state law, we

affirm and conclude that the district court did not abuse its discretion in revoking Bouie's supervised release.

**AFFIRMED.**