[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17106

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-14028-CR-DLG


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY G. ROTHENBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2010)

Before BIRCH and MARCUS, Circuit Judges, and HODGES,* District Judge.

_____

*Honorable Wm. Terrell Hodges, U. S. District Judge for the Middle District of Florida, sitting by designation.

HODGES, District Judge:

This is a case involving offenses of sexual exploitation of a minor and possession of child pornography. Stanley G. Rothenberg was charged in a two count indictment. Count One alleged that Rothenberg, using a computer in interstate commerce, knowingly attempted to induce an individual under 18 to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b).[1] Count Two alleged that Rothenberg knowingly possessed one or more visual depictions, transmitted in interstate commerce by computer, involving the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).[2]

Rothenberg entered a plea of guilty to both offenses, without a plea agreement, and now appeals from his sentence. We affirm.

---

[1] 18 U.S.C. § 2422(b) states:

> Whoever, using . . . any . . . means of interstate . . . commerce, . . . knowingly persuades, induces, entices or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

[2] 18 U.S.C. § 2252(a)(4)(B) states:

> Any person who—
> knowingly possesses . . . [any] matter which contain[s] any visual depiction that has been . . . transported using any means of . . . interstate . . . commerce, if – (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished [by fine or imprisonment for not more than 10 years or both].

## I. The Sentence

In determining the applicable sentencing range under the Sentencing Guidelines, the district court appropriately calculated the adjusted offense level of each of the two counts, independently, using the grouping rules of U.S.S.G. § 3D 1.1 et seq. The court first determined that the adjusted offense level as to Count One was 38. With respect to Count Two, the court arrived at an adjusted offense level of 33 after applying, among others, the specific offense characteristic defined in U.S.S.G. § 2G 2.2(b)(5) mandating an enhancement of five offense levels in cases in which "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." This had the effect under U.S.S.G. § 3D 1.4 of adding one offense level to the adjusted offense level of 38 applicable to Count One, producing a combined offense level of 39. The district court next applied the five level enhancement prescribed by U.S.S.G. § 4B 1.5(b)(1) in cases in which "the defendant engaged in a pattern of activity involving prohibited sexual conduct." That resulted — after an aggregate three level reduction for acceptance of responsibility — in a total offense level of 41 and, at Criminal History Category I, a sentencing range of 324 to 405 months.

The district court then considered the sentencing factors enumerated in 18 U.S.C. § 3553 and imposed a sentence of 300 months or 25 years (300 months as

to Count One and 120 months as to Count Two, to run concurrently) to be followed by a term of supervised release for life plus a fine and the prescribed special assessment. The commitment term of 300 months represented a downward departure under the Sentencing Guidelines of two offense levels which the district court attributed to the defendant's age (64) and his state of clinical depression over many years.

Rothenberg objected to the enhancements under U.S.S.G. §§ 2G 2.2(b)(5) and 4B 1.5(b)(1) resulting from the district court's finding of a pattern of prohibited sexual misconduct, and now raises the same issues on appeal.[3]

## II. The Standard of Review

With respect to Sentencing Guidelines issues, this Court reviews "purely legal questions de novo, a district court's factual findings for clear error, and, in most cases, a district court's application of the guidelines to the facts with 'due

---

[3] Rothenberg also asserts another issue on appeal that we find unnecessary to discuss at length. In the conversations underlying the charge made in Count One of the indictment, Rothenberg was told that the fictitious minor was "mentally challenged," and her reduced mental capacity was mentioned in the Government's sentencing memorandum to the district court. The district court also uttered a passing reference to the fictitious child's mental state during the sentencing hearing (giving rise to Rothenberg's claim of error that it was wrong for the district court to consider it) but the child's supposed mental handicap was not made the basis of any specific Guidelines enhancement nor is it clear that the court then took the matter into account in any way in formulating the sentence that was imposed. Indeed, the court departed downward from the Guidelines sentence. Moreover, there was no objection to this episode during the hearing. We find no error with respect to this issue, much less plain error.

deference.'" United States v. Rodriguez-Lopez, 363 F.3d 1134, 1136-37 (11th Cir. 2004) (quoting United States v. White, 335 F.3d 1314, 1317 (11th Cir. 2003)). See also 18 U.S.C. § 3742(e). And the "due deference" standard is, itself, tantamount to clear error review. See United States v. White, 335 F.3d 1314, 1318-19 (11th Cir. 2003). For a finding to be clearly erroneous, this Court "must be left with a definite and firm conviction that a mistake has been committed." Rodriguez-Lopez, 363 F.3d at 1137 (internal quotation marks omitted).

## III.  The Facts

The facts underlying the two charges in the indictment were stipulated to in a written factual basis for the plea of guilty. An extensive discussion of the events surrounding the offenses of conviction is unnecessary since they do not impact the narrow sentencing issue on appeal. Suffice it to say, as to Count One of the indictment, that in May, 2008, Rothenberg, a resident of Ft. Lauderdale, communicated in an internet chat room with an undercover officer in Ft. Pierce who held himself out as the father of an eleven year old daughter with whom he was sexually intimate. Discussions ensued about the two men having sex with the daughter, and arrangements were made for a preliminary face to face meeting in Ft. Pierce. Rothenberg traveled to Ft. Pierce for that rendezvous where their illicit sexual discussions continued and, ultimately, Rothenberg was arrested.

A search warrant was obtained and Rothenberg's residence was searched. The authorities found and seized Rothenberg's laptop computer as well as hundreds of printed computer chats, including Rothenberg's chats with the undercover officer. The computer contained approximately 90 images of child pornography including five sexually explicit images of children under 12, and four images depicting sadistic and masochistic acts. Rothenberg's possession of these images formed the basis for Count Two of the indictment.

## IV.  The Sentencing Issue

In determining that Rothenberg merited the pattern of activity enhancements prescribed by U.S.S.G. §§ 2G 2.2(b)(5) and 4B 1.5(b)(1),[4] the district court relied upon transcripts of two separate chat room conversations Rothenberg had in the past with other adults, printed copies of which were among the many found during the search of his residence. One chat occurred on December 21, 2006, and the other, with a different person, on June 1, 2007.[5] In both of these conversations,

_____

[4] The application of the two pattern of activity enhancements does not amount to "double counting" because they were applied, respectively, to two separate and distinct offenses involving different conduct and different harms; and, in addition, the effect of the enhancement as to Count Two was substantially tempered by the grouping of the two counts so that, in the end, the Guidelines result as to Count Two culminated in an increase of only one offense level in the overall calculation of the applicable sentencing range. This is not to say, however, that the application of either enhancement was harmless since both served to materially increase the Guidelines sentencing range.

[5] Under the Application Notes following U.S.S.G. §§ 2G 2.2 and 4B 1.5, the term "pattern of activity" in both sections is defined to include any two or more occasions of

Rothenberg actively coached and encouraged other adults in graphic detail about how to sexually abuse minors in their care or under their influence.

In the chat that occurred on December 21, 2006, Rothenberg and a 19 year old male were discussing having sex when the latter disclosed that he had a "lil bro." Rothenberg asked: "You ever try and do him?" "What's his age?" The answer given was 16, and Rothenberg declared: "HOT... he's ready... go slow and you can do it . . . start with lubing him up and relaxing him with just one finger . . . after a while, insert two fingers . . . keep him relaxed . . . suck his cock as u insert fingers . . . so he associates feeling good with fingers up his ass . . . begin slow . . . it might take a couple of attempts . . . he'll soon begin to enjoy it . . . especially after a beer or two . . . allow him to feel no guilt . . . like it's a normal thing . . . which it is."

In the chat that occurred on June 1, 2007, Rothenberg was having conversation with a person who described himself as a 30 year old divorced male with custody of two young sons, ages 8 and 11. First, with reference to the 11 year old child, Rothenberg declared: "[B]eautiful . . . are you training him? . . .

prohibited sexual conduct whether or not such conduct occurred during the course of the instant offense and regardless of whether the conduct resulted in a conviction. See App. Note 1 following U.S.S.G. § 2G 2.2, and App. Note 3(B)(ii) following U.S.S.G. §4 B 1.5. Thus, either of the prior chats relied upon by the district court, if either should be found to constitute an offense involving prohibited sexual conduct, would be sufficient, when joined with the offense of conviction, to warrant the finding of a "pattern" supporting the enhancements.

7

any sucking or jacking yet? . . . what a hot age . . . let him sleep with u . . . things will happen naturally . . . put your hand on his and help him out . . . you're so lucky to have that . . . he's ready . . . he wants u . . . oh believe me . . . you have the best of the best . . . you can groom him any way u want . . . I think he's basically wanting it . . .just my guess . . ." It was at this point the father disclosed that he also had an 8 year old son in his home. Rothenberg stated: "[O]h even nicer . . . let him in the bed . . . kiss him and show him affection while you guide him . . . take all guilt and shame away . . . its natural and its good . . . if you just gently grasp his hand and show him how to sensually feel you . . . it would be great beginning . . . and you, of course, can do him . . . all the while re-inforcing [sic] that it is natural and good for dads and sons to bond like that . . . it's the ultimate in father/son bonding . . . you don't need to say anything if u don't want to . . . you can just have all non-verbal activity . . . you can do so much without saying a word . . .words will eventually come . . . take it slowly . . . he's very eager to play with you sexually . . . and that is so natural between dad and son . . ."[6]

Rothenberg contends that neither of these "chats," without more, is legally sufficient to constitute an attempt to violate 18 U.S.C. § 2422(b) or any other law

_____

[6] The chats as quoted in the text omit remarks and comments interspersed from time to time by the other party to the conversations.

because neither chat rises to the level of a "substantial step" toward commission of an offense. It follows, he argues, that neither of the chats can be considered as a part of any pattern of illegal conduct triggering application of either U.S.S.G. § 2G 2.2(b)(5) or USGG § 4B 1.5(b)(1). More specifically, he asserts that mere talk or speech unaccompanied by some other form of overt conduct cannot constitute a substantial step necessary to an attempt to commit an offense; or, if speech alone can amount to an attempt, that the talk or speech involved in this case is factually insufficient to rise to that level.

## V. Discussion

To establish an attempt as a crime, proof is required: (1) that the defendant intended to commit the underlying criminal offense with the requisite mens rea, and (2) that the defendant engaged in conduct which constituted a substantial step toward the commission of that crime and which strongly corroborates the defendant's criminal intent. United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001); United States v. Yost, 479 F.3d 815,819 (11th Cir. 2007); United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004). It is, however, the clearly established law of the circuit that to prove an attempted exploitation offense under 18 U.S.C. § 2422(b), the Government does not have to prove the existence or identity of a specific minor victim; a fictitious minor will suffice so long as the

9

defendant understood and believed that a minor was involved. <u>United States v. Root</u>, 296 F.3d 1222, 1227 (11th Cir.2002); <u>Murrell</u>, 368 F.3d at 1289; <u>United States v. Lee</u>, 603 F.3d 904, 913 (11th Cir. 2010). The absence of a real minor victim is meaningless because the essence of the crime is the attempted enticement of someone the defendant believes to be a minor, not actual engagement in sexual activity with a minor. <u>Murrell</u>, 368 F.3d at 1286. Similarly, proof is not required that the defendant must have communicated directly with a minor, either real or fictitious; dealing with an adult intermediary for the purpose of attempting to entice a minor into sexual activity with the defendant or some third person is sufficient to constitute the offense. <u>Lee</u>, 603 F.3d at 913.

That leaves, therefore, the question presented here as to whether a sexually solicitous communication by means of interstate commerce, without more, can ever constitute a substantial step toward commission of an offense in violation of 18 U.S.C. § 2422(b) so as to complete the crime of attempt. That very issue was recognized and left undecided in <u>Murrell</u> (see 368 F.3d at 1288 n. 3), but more recent decisions in our circuit have supplied an affirmative answer. <u>Yost</u>, 479 F.3d at 820, and <u>Lee</u>, 603 F.3d at 917.

In <u>Yost</u> the defendant had engaged in internet chat room conversations of a sexually explicit and solicitous nature with an undercover agent posing as three

separate minor females. With respect to one of the three fictitious minors, the extent of the defendant's activity was limited to the chat room conversations; he had not traveled to a meeting or taken any other overt action, in addition to the conversations, to advance his predatory designs. 479 F.3d at 820. Citing United States v. Bailey, 228 F.3d 637, 639-640 (6th Cir. 2000), and United States v. Thomas, 410 F.3d 1235, 1246 (10th Cir. 2005),[7] the Yost court concluded that "[v]iewing the totality of Yost's actions, we . . . conclude that Yost crossed the line from mere 'talk' to inducement." Id.

In Lee, a panel of this court affirmed a jury conviction for an attempted violation of § 2422(b) based upon the defendant's chat room and telephone conversations with an undercover agent posing as the mother of two daughters, ages 7 and 12. The court concluded that the jury could properly find the subject conversations to be a substantial step sufficient to support the attempt conviction. 603 F.3d at 917-18.

We reach the same conclusion in this case. Whether a given activity or course of conduct amounts to a substantial step toward the commission of a crime

---

[7] The Sixth Circuit in Bailey and the Tenth Circuit in Thomas both held that sexual "banter" can cross the line and become criminal inducement or enticement in violation of § 2422(b), and that the statute is not unconstitutional when so applied. Cf., United States v. Panfil, 338 F.3d 1299, 1301 (11th Cir. 2003). "[T]he Defendant simply does not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts." Bailey, 228 F.3d at 639.

is a question of fact[8] that will vary from case to case depending not only upon the activity or course of conduct itself, but also upon the nature of the underlying offense to which the attempt is tied. Here, the very nature of the underlying offense — persuading, inducing or enticing engagement in unlawful sexual activity — necessarily contemplates oral or written communications as the principal if not the exclusive means of committing the offense; and, ultimately, an individual evaluation by the fact finder of the defendant's intent as disclosed by his words or speech is necessary in every prosecution under § 2422(b). As we said in <u>Lee</u>,

> our aim is not to decide whether [the defendant's] conduct is at least as 'criminal' as the conduct of others convicted under section 2422(b). Each of our precedents holds no more than that a reasonable jury could have found that the defendant at issue violated section 2422(b). Not surprisingly, none guesses at or purports to have identified the minimum conduct that section 2422(b) proscribes.

603 F.3d at 916. In this case, Rothenberg's chats were specific instructions to adults with influence over young children; these graphic guides to sexual exploitation showed the adults both how, physically, to molest the children and

---

[8] Special Instruction 11, Attempt(s), Pattern Jury Instructions (Eleventh Circuit, 2003) states:

> A "substantial step" means some important action leading to the commission of a crime as distinguished from some inconsequential or unimportant act. It must be something beyond mere preparation; it must be an act which, unless frustrated by some condition or event, would have resulted, in the ordinary and likely course of things, in the commission of the crime being attempted.

how, emotionally, to persuade the children to comply with the abuse. Accordingly, the chats constituted "important action[s] leading to the commission" of inducing particular children to engage in illegal sexual activity.

We discern no clear error in the district court's finding that Rothenberg's chats crossed the line between sexual banter and criminal persuasion, inducement or enticement, and that he engaged in a pattern of activity involving prohibited sexual conduct justifying application of the enhancements provided for in U.S.S.G. §§ 2G 2.2(b)(5) and 4B 1.5(b)(1). We further conclude that the sentence was both procedurally and substantively reasonable.

Affirmed.