[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11382
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cr-80115-KLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VINCENT SCOGNAMIGLIO,
a.k.a. Bobby Vincent,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 18, 2011)

Before EDMONDSON, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Vincent Scognamiglio appeals his 48-month sentence imposed after he

pleaded guilty to possession of a firearm with an obliterated serial number in

violation of 18 U.S.C. § 922(k). Scognamiglio argues that the district court clearly erred by finding that Scognamiglio took a substantial step toward executing his murder plot to justify application of the United States Sentencing Guideline for attempted murder. The district court committed no reversible error; we affirm.

The guideline for unlawful possession of a firearm under Section 922(k), to which Scognamiglio pleaded guilty, cross references the guideline for attempt and directs that, if a defendant used or possessed the firearm in connection with the attempted commission of another offense, the correct guideline is the offense level for the attempt. See U.S.S.G. § 2K2.1(c)(1)(A); § 2X1.1. The guideline for attempt, in turn, directs that, if an attempt is expressly covered by another guideline, that other guideline applies. U.S.S.G. § 2X1.1(c)(1). Section 2A2.1(a)(1) imposes a base offense level of 33 for a first-degree murder attempt, which was the base level used by the district court as part of its sentencing calculations.[*]

Attempted murder, prohibited by 18 U.S.C. § 1113, requires proof of a specific intent to kill the victim. Braxton v. United States, 111 S. Ct. 1854, 1859 n.1 (1991). A person is guilty of attempt if he had the specific intent to commit the

_____

[*] Because the statutory maximum sentence was less than the minimum of the ultimate applicable guideline range in this case, the guideline sentence was the 60-month statutory maximum sentence.

underlying crime and took a "substantial step" towards committing that crime. United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007). "A substantial step can be shown when the defendant's objective acts mark his conduct as criminal and, as a whole, strongly corroborate the required culpability." Id. (internal quotation marks and citation omitted). The district court's determination about a "substantial step" is a question of fact, which we will not disturb unless it is clearly erroneous. See 18 U.S.C. § 3742(e); United States v. Rothenberg, 610 F.3d 621, 627 (11th Cir. 2010) (footnote omitted).

The district court found by a preponderance of the evidence that Scognamiglio took a substantial step towards committing first-degree murder. The district court identified the following evidence in determining that Scognamiglio had taken a substantial step: Scognamiglio ordered a silencer, Scognamiglio gave an undercover informant a barrel to be threaded for a silencer and a gun in payment for the silencer, and Scognamiglio traveled to a meeting where he was to pick up the silencer. The transcripts of the meeting between Scognamiglio and the confidential source also contained evidence of Scognamiglio's insistence on being the triggerman, of his specific identification of the victims, and of his surveillance of potential locations for the murders. In addition, the transcripts supported the police officer's uncontradicted testimony that Scognamiglio never expressed a

desire to abandon the plan.  We cannot conclude, based on this evidence, that the district court's findings were clearly erroneous.

Given the district court's finding that Scognamiglio's conduct constituted a substantial step towards first-degree murder and satisfied the elements of attempted murder, we see no reversible error in the district court's sentence.

AFFIRMED.