[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2012
JOHN LEY
CLERK

No. 11-14048
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14021-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR CARL HASPEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2012)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Arthur Haspel appeals his sentence of imprisonment for 87 months

following his plea of guilty to 9 counts of knowingly and intentionally distributing

and dispensing oxycodone outside the scope of professional practice. 21 U.S.C. § 841(a)(1). Haspel argues that his sentence, at the high end of the guideline range, is unreasonable. Haspel argues that the district court failed to consider the statutory factors for sentencing, 18 U.S.C. § 3553(a), failed to credit expert testimony that Haspel is amenable to treatment for mental illness, and failed to account for Haspel's undischarged sentence for Medicare fraud. Haspel also argues that his sentence is substantively unreasonable. We affirm.

We review the reasonableness of a sentence under a deferential standard of review for abuse of discretion. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We review findings of fact for clear error. United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010). When "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," the district court has the discretion to decide whether the terms will run concurrently or consecutively. 18 U.S.C. § 3584(a), (b).

Haspel's sentence is reasonable. The district court stated that it had considered the relevant sentencing factors, and the district court did not rely on any impermissible factor. Haspel's sentence at the high end of the guideline range is also substantively reasonable.

**AFFIRMED.**