[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12689
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00040-MEF-SRW-1

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

BRYANT ALLEN THOMPSON,
QUINCY SINTELL WALTON,

                                        Defendants - Appellants.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(June 27, 2017)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

This is a multi-appellant appeal. First, Quincy Walton appeals his convictions and sentences for conspiracy to defraud the United States, 18 U.S.C. § 371, and aggravated identity theft, 18 U.S.C. § 1028A(a)(1) and (c)(1). Walton contends the jury verdicts were so inconsistent that no reasonable jury could have found him guilty. He also challenges his 84-month sentence, asserting it was unreasonable.

Second, Bryant Thompson appeals his 120-month total sentence imposed after a jury found him guilty of one count of conspiracy to defraud the government pursuant to 18 U.S.C. § 371, seven counts of wire fraud under 18 U.S.C. § 1343, and seven counts of aggravated identity theft pursuant to 18 U.S.C. § 1028A(a)(1) and (c)(1). Thompson argues his sentence was unreasonable based on an allegedly unwarranted disparity with a codefendant.

After review,[1] we affirm.

---

[1] We review a defendant's challenge to the sufficiency of the evidence *de novo*. *United States v. Klopf*, 423 F.3d 128, 1236 (11th Cir. 2005). The evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* With respect to Guidelines issues, this Court reviews factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). We review the reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## I. DISCUSSION

### A. *Walton*

#### 1. *Convictions*

The record shows there is sufficient evidence to convict Walton on both counts. First, there is sufficient evidence to support the jury's verdict that Walton conspired to defraud the Government. The Government needed to show that (1) Walton and Thompson agreed to impede the functions of the IRS; (2) Walton knowingly and voluntarily participated in that agreement; and (3) either Thompson or Walton committed an act in furtherance of the agreement. 18 U.S.C. § 371; *United States v. Hough*, 803 F.3d 1181, 1187 (11th Cir. 2015). A jury could infer that Walton and Thompson had an agreement in which Walton knowingly participated based on evidence presented at trial, including: their longstanding relationship as former co-workers and current acquaintances; the common design of their conduct, including submitting tax returns from the IP addresses connected to them and using inmate identities and similar addresses in Prattville, Alabama on the returns to receive refunds; and testimony to the effect that Walton admitted that he received the inmates' identities from Thompson. *See United States v. Schwartz*, 541 F.3d 1331, 1361 (11th Cir. 2008) ("An agreement to conspire may be proved by circumstantial as well as direct evidence . . . and may be inferred from the relationship of the parties, their overt acts and concert of action, and the totality of

3

their conduct." (quotation omitted)); *Hough*, 803 F.3d at 1187 (stating that circumstantial evidence can prove a conspiracy if it can support a "reasonable inference" that conspirators had "a common design with unity of purpose to impede the IRS." (quotation omitted)).  Furthermore, there was evidence that Walton cashed the fraudulent refund checks, constituting an act in furtherance of the conspiracy.  *See id.*

Second, there is sufficient evidence to convict Walton of aggravated identity theft.  The Government had to prove that Walton knowingly transferred, possessed, or used, without lawful authority, the name and forged signature of another during the commission of a theft of government money.  18 U.S.C. §§ 1028A(a)(1), (c)(1); 1028(d)(7); *United States v. Wilson*, 788 F.3d 1298, 1310 (11th Cir. 2015) (holding that the use of a name and forged signature qualifies as a "means of identification" under § 1028A).  The Government carried its burden by presenting, inter alia, evidence that Walton cashed a Treasury check in the name of a deceased inmate.  Furthermore, Walton's argument that the conviction cannot stand because the jury verdict was inconsistent is contradicted by our precedent.  We have held that "as long as the guilty verdict is supported by sufficient evidence, it must stand, even in the face of an inconsistent verdict on another count."  *United States v. Mitchell*, 146 F.3d 1338, 1345 (11th Cir. 1998).

4

*2. Sentence*

Walton bears the burden of showing his sentence was unreasonable in light of the record and the § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). He challenges the district court's finding that he participated in a fraud, the intended loss of which was between $400,000 and $1,000,000. *See* U.S.S.G. § 2B1.1 (2014). However, the district court did not clearly err in finding, based on the testimony of an IRS special agent at the sentencing hearing, that there were over one hundred additional returns filed from IP addresses connected to Walton, and that the total intended losses was within the range above. *See Rothenberg*, 610 F.3d at 624; *United States v. Watts*, 519 U.S. 148, 157 (1997) ("A jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.").

Walton does not identify any other procedural or substantive defects in his sentence, and we find none. *See Pugh*, 515 F.3d at 1189. The district court properly calculated the sentence, appropriately discussed and weighed the § 3553(a) factors, and imposed a within-Guidelines sentence that was sufficient but not greater than necessary. *See Gall*, 552 U.S. at 51.

*B. Thompson*

Thompson also challenges the reasonableness of his sentence. His sole contention is that the district court created an unwarranted sentencing disparity when it sentenced him to 120 months' imprisonment, while his cousin and codefendant Corey Thompson (Corey), who is not a party to this appeal, received a sentence of only 30 months. Thompson's argument fails, however, because he and Corey are not similarly situated. *See United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (noting that concerns about sentencing disparities are not implicated where the appellant and a codefendant are not similarly situated); *see also United States v. Regueiro*, 240 F.3d 1321, 1325–26 (11th Cir. 2001) ("Disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal."). Corey immediately accepted responsibility, pled guilty, and assisted the Government at his codefendants' trials. Thompson, by contrast, forced the Government to prove his guilt at trial. *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) ("[T]here is no unwarranted disparity when a cooperating defendant pleads guilty and receives a lesser sentence than a defendant who proceeds to trial."). Thompson's appeal is premised solely on his disparity argument, which, as stated above, fails. As such, he has not borne the burden of showing his sentence was unreasonable in any other respect. *See Pugh*, 515 F.3d at 1189. We conclude the district court did not abuse

its discretion in handing down his within-Guidelines sentence.  *See Gall*, 552 U.S. at 51.

## II. CONCLUSION

For the reasons stated above, Walton's convictions and both appellants' sentences are affirmed.

**AFFIRMED.**