[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13697

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PRENTISS K. MADDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20248-JEM-1

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Prentiss Madden pleaded guilty to charges involving child pornography and an animal crush video, and the district court sentenced him to 262 months' imprisonment. On appeal, Madden argues that the district court applied a sentencing enhancement for engaging in a pattern or activity involving the sexual abuse or exploitation of a minor without sufficient evidence. We affirm.

## I.

Madden was arrested in March 2021 after agents with the Department of Homeland Security became aware of child pornography in an online storage folder linked to him. When the agents searched Madden's home, they recovered two cell phones that Madden later admitted were his. The phones contained more child pornography as well as videos of Madden, a licensed veterinarian, sexually molesting dogs. Madden pleaded guilty to three counts of receiving child pornography, one count of possessing child pornography, and one count of creating an animal crush video.

The presentence investigation report included messages found on Madden's phones in which Madden told a friend he had had sex with children on several different occasions. Several of the messages referenced a boy who had apparently turned sixteen in 2019 but with whom Madden claimed to have been sexually active for two years by that time. The presentence investigation report assigned Madden a base offense level of 22. With several

21-13697                 Opinion of the Court                 3

sentencing enhancements (and a reduction for Madden's acceptance of responsibility), Madden had a total offense level of 37, for a guidelines range of 210 to 260 months' imprisonment.

The sentencing enhancement relevant here added five points to Madden's offense level for a "pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). Madden objected to this enhancement. He argued that there was insufficient evidence he'd engaged in sexual activity with the minor victim twice before the minor turned sixteen—the minimum for the "pattern of activity" enhancement to apply.

At sentencing, the government called Department of Homeland Security Agent Leah Ortiz—the investigator who had executed the search warrant at Madden's home—to testify about Madden's sexual relationship with the minor victim. Agent Ortiz testified that the minor victim had identified himself in a frame of a video that depicted him and Madden having sex inside of a car when the minor victim was fifteen. Agent Ortiz testified that the victim stated he and Madden had sex "two or three times" and that Madden once suggested that they have sex together with a third person. Based on the dates Madden sent some of the text messages that referenced sex with the minor victim, Agent Ortiz concluded that the two had engaged in sexual conduct multiple times before the minor victim turned sixteen. And based on Agent Ortiz's testimony and the content of messages from Madden's phone, the district court overruled Madden's objections to the section 2G2.2(b) sentencing enhancement.

## II.

We review the district court's findings of fact for clear error and its application of the sentencing guidelines to the facts de novo. *See United States v. Isaac*, 987 F.3d 980, 990 (11th Cir. 2021). "For a finding to be clearly erroneous, this Court must be left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. Rothenberg*, 610 F.3d 621, 642 (11th Cir. 2010)).

## III.

The sentencing guidelines call for a five-level increase to a defendant's offense level if "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). A "pattern of activity" means "any combination of two or more separate instances" of conduct prohibited under various statutes, including 18 U.S.C. section 2243. *Id.* § 2G2.2 cmt. n.1. Section 2243, in turn, prohibits "engag[ing] in a sexual act with another person" between the ages of twelve and sixteen. 18 U.S.C. § 2243(a)(1).

Madden argues that the district court erred when it enhanced his sentence after finding he had engaged in a pattern of sexual abuse or exploitation of a minor. He contends that the government did not present sufficient evidence for the district court to conclude that he had engaged in sexual activity on *multiple* occasions before the minor victim turned sixteen. Madden gives four reasons to support his position: (1) the minor victim could not remember how many times he'd had sex with Madden; (2) the minor

victim could not "pinpoint[]" *when* he'd had sex with Madden; (3) Madden's text messages could be interpreted as "bragging" and did not prove he'd had sex with the minor victim; and (4) the government provided specific evidence of only one instance—the one captured on video—of sexual conduct before the minor victim turned sixteen.

None of these reasons leaves us with "a definite and firm conviction" that the district court got the facts wrong. *See Isaac*, 987 F.3d at 990. At sentencing, Madden conceded that the video of him having sex once with the minor victim was authentic. Although the minor victim could not remember exactly how many times he'd had sex with Madden, he did state that it was "two or three" times—either of which would satisfy the definition of a "pattern of activity" under the guidelines. *See* U.S.S.G. § 2G2.2 cmt. n.1. The minor victim further stated that he and Madden had sex multiple times before the minor victim's sixteenth birthday. Madden argues that Agent Ortiz's testimony about the minor victim's interview with investigators was "unspecific and unreliable" evidence. But although the minor victim could not remember exactly how many times he'd had sex with Madden, the evidence consistently pointed to it being more than once.

We likewise see no clear error in the district court's evaluation of Madden's text messages. Madden argues that these text messages were simply "bragging" and not reliable evidence. But the minor victim's statements and Madden's text messages corroborated one another. For example, one text message Madden sent

to a third person suggested that the two of them have sex with the minor victim together.  Madden remarked that the minor victim was sixteen at that point but that he'd been having sex with the minor victim "for two years already."  This text message corroborated the minor victim's statement that Madden had suggested the two of them having sex with a third person.  It was not clear error for the district court to conclude that the corroboration between this text message and the minor victim's interview indicated that the sexual activity mentioned in other of Madden's text messages had really occurred.

In short, none of Madden's arguments leads us to find clear error in the district court's findings of fact.  And on those facts, it was proper to apply the section 2G2.2(b) sentencing enhancement.

**AFFIRMED.**