[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12097

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ZACHARY S. SPIEGEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cr-14005-AMC-1

_____

Before WILSON, JORDAN, and LUCK, Circuit Judges.

PER CURIAM:

Zachary Spiegel, proceeding with counsel, appeals his conviction for attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). On appeal, he argues that the district court erred by denying his motion for a judgment of acquittal because there was insufficient evidence to show that he intended to entice a minor to engage in sexual activity and that he took a substantial step toward committing that offense. He contends that he lacked the requisite intent under § 2422(b) because he broached the topic of sex with the fictitious minor before learning she was a minor and initially indicated that he could not engage in sexual activity with her after learning her age. He also argues that he did not take a substantial step under § 2422(b) because he only had explicit sex talk with the minor and never traveled to meet her.

We review whether sufficient evidence supported a jury's guilty verdict *de novo*, resolving all reasonable inferences in favor of the verdict. *See United States v. Lee*, 603 F.3d 904, 912 (11th Cir. 2010). We will not disturb the verdict unless no trier of fact could have found guilt beyond a reasonable doubt. *See id.*

The statute at issue here, § 2422(b), makes it unlawful to knowingly attempt to entice a minor to engage in unlawful sexual activity. To secure a conviction under § 2422(b), the government must prove beyond a reasonable doubt that the defendant (1) had the specific intent to entice a minor to engage in unlawful sexual

activity, and (2) took a substantial step toward the commission of that offense.  *See Lee*, 603 F.3d at 913-14.

The government must prove that the defendant intended to cause assent on the part of the minor, not that he acted with specific intent to engage in the sexual activity, and that he took a substantial step toward causing assent, not toward causing actual sexual contact.  *See id.* at 914.  To determine whether a defendant took a substantial step under § 2422(b), we consider the totality of the defendant's actions.  *See id.* at 914, 916.  We have held that a defendant's sexually solicitous communication can constitute a substantial step under § 2422(b) because the principal, if not exclusive, means of committing the offense require oral or written communications. *See United States v. Rothenberg*, 610 F.3d 621, 626-27 (11th Cir. 2010). A defendant takes a substantial step when his communication crosses the line from sexual banter to criminal enticement.  *See id.* at 627.  Evidence that the defendant traveled to meet the minor is not necessary to sustain an attempt conviction under § 2422(b).  *See United States v. Yost*, 479 F.3d 815, 819-20 (11th Cir. 2007).

The district court did not err by denying the motion for a judgment of acquittal.  The evidence was sufficient to convict under § 2422(b) because the jury could have reasonably found that Mr. Spiegel—despite not meeting with the minor—intended to cause the minor to assent to sexual activity and that he took a substantial step toward causing the minor's assent through his communications.  *See* § 2422(b); *Lee*, 603 F.3d at 912-14.  For example, after learning the minor's age, he continued to send the minor

messages describing the sex acts he wanted to perform with her, sent the minor a picture of his penis, exchanged phone numbers with the minor, and made arrangements to meet her at a movie theatre. *See Lee*, 603 F.3d at 912-14; *Rothenberg*, 610 F.3d at 626-27. Indeed, the evidence here is very similar to that which we found sufficient in *Yost*, 479 F.3d at 819-20.

**AFFIRMED.**