[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-12539

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

*versus*

MICHAEL ADAM CARMODY,

                                                    Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14018-AMC-1

————————————

_____

No. 22-13542

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL ADAM CARMODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14018-AMC-1

_____

Before JILL PRYOR, ABUDU and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Michael Adam Carmody appeals his convictions for distributing, receiving, and possessing child pornography and

22-12539          Opinion of the Court          3

his subsequent sentence.[1]  Carmody argues that the district court erred in denying his motion to suppress all evidence seized from the warrantless search of his internet protocol ("IP") address.  Carmody also appeals the district court's imposition of a 300-month sentence, which was an upward variance from the guideline term of 210 to 262 months.  Carmody asserts that his sentence is procedurally unreasonable because the district court relied on Sentencing Guidelines Commentary even though the text of the Guideline was unambiguous.  He also argues that his sentence is substantively unreasonable because the district court failed to properly balance the 18 U.S.C. § 3553(a) factors, giving too much weight to deterrence and the seriousness of his offense and not enough weight to mitigating factors.  Having read the parties' briefs and reviewed the record, we affirm Carmody's convictions and sentence.

I.

---

[1] Carmody timely filed a notice of appeal after the district court entered its initial judgment on July 15, 2022, which resulted in the docketing of case number 22-12539-HH.  Carmody filed another timely notice of appeal on October 11, 2022, after the court entered an amended judgment establishing the amount of restitution to the victims in this case.  That appeal resulted in the docketing of case number 22-13542-HH.  Carmody filed an unopposed motion to consolidate the appeals and the briefing schedule, and the clerk granted the motion.  On appeal, Carmody does not challenge the amount of restitution ordered by the district court, so any argument regarding that judgment is deemed abandoned.  *See United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (issues not raised on appeal are deemed abandoned), *cert. denied*, ___ U.S. ___, 143 S. Ct. 95 (2022).

We review a district court's denial of a motion to suppress evidence under a mixed standard, reviewing the court's fact-finding for clear error and its application of the law to those facts *de novo*. *United States v. Trader*, 981 F.3d 961, 966 (11th Cir. 2020). We construe all facts in the light most favorable to the prevailing party below. *Id.*

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. To suppress evidence based on Fourth Amendment violations, "a claimant has the burden of proving (1) that the search was unlawful and (2) that the claimant had a legitimate expectation of privacy." *United States v. McKennon*, 814 F.2d 1539, 1542 (11th Cir. 1987). "Ordinarily, a person lacks a reasonable expectation of privacy in information he has voluntarily disclosed to a third party." *Trader*, 981 F.3d at 967 (referring to the third-party doctrine). In *Trader*, we held that the *Carpenter* exception[2] to the third-party doctrine does not extend to IP addresses. *Trader*, 981 F.3d at 967-68.

Under the prior panel precedent rule, we are bound to follow our own prior binding precedent until it is overruled by the Supreme Court or this Court sitting *en banc*. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). "The prior panel

---

[2] In *Carpenter v. United States*, 585 U.S. ___, 138 S. Ct. 2206 (2018), the Supreme Court held that the "unique nature of cell phone location records" subjected them to Fourth Amendment protection; however, the Court noted that its decision was "a narrow one" and did not impact "business records that might incidentally reveal location information." *Id*. at ___, 138 S. Ct. at 2220.

precedent rule applies regardless of whether the later panel believes the prior panel's opinion to be correct, and there is no exception to the rule where the prior panel failed to consider arguments raised before a later panel." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).

The record demonstrates that the district court did not err in denying the motion to suppress evidence. Individuals do not have a reasonable expectation of privacy in IP addresses. *Trader,* 981 F.3d at 967-68. Carmody's argument is foreclosed by our prior precedent, so the evidence obtained from his IP address is admissible. *Gillis*, 938 F.3d at 1198; *Vega-Castillo*, 540 F.3d at 1236. Thus, we affirm Carmody's convictions.

## II.

When reviewing a sentence for procedural reasonableness, we consider legal issues *de novo* and view factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). A district court's interpretation and application of the Guidelines is reviewed *de novo*. *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017). We must ensure that the district court did not make a significant procedural error, such as failing to calculate or improperly calculating the Guidelines range. *United States v. Grushko*, 50 F.4th 1, 17 (11th Cir. 2022), *cert. denied*, ___ U.S. ___, 143 S. Ct. 2594 (June 5, 2023), ___ U.S. ___, 143 S. Ct. 2680 (June 26, 2023). Unless the text of the Guidelines is ambiguous, we do not defer to the Guidelines Commentary. *United States v. Dupree*, 57 F.4th 1269, 1276-77 (11th Cir. 2023) (*en banc*).

Carmody argues that the district court erroneously relied on the commentary to U.S.S.G. § 2G2.2 to calculate the number of images for which he was responsible and thus imposed a procedurally unreasonable sentence. The image table provides for a 5-level increase if a defendant possesses "600 or more images" of child pornography. *See* U.S.S.G. § 2G2.2(b)(7)(D). The commentary contains additional guidance regarding how to calculate the number of images in a video: "Each video, video-clip, movie, or similar visual depiction shall be considered to have 75 images. If the length of the visual depiction is substantially more than 5 minutes, an upward departure may be warranted." *Id.* at cmt (n.6.(B)(ii)). Carmody contends that he should be held accountable for 414 images because the text of the guideline unambiguously requires that each video count only as one "image." The government responds that the district court properly calculated the number of images based on Carmody's possession of 226 still photographs of child pornography and 188 videos of child pornography. It posits that the statutory definitions upon which Carmody relies only articulate the types of files that can constitute child pornography; they have nothing to do with quantity and thus cannot bear upon the calculation. Because the word "image" is ambiguous, the government claims that the district court properly relied on the commentary to calculate the number of images for which Carmody was responsible.

The record shows that the district court's sentence is procedurally reasonable because U.S.S.G. § 2G2.2 is ambiguous, and the district court could defer to the commentary. *Dupree*, 57 F.4th at 1276-77. The text of § 2G2.2 does not distinguish between a still

image and a video comprised of a series of images, so the term "images" is ambiguous for the purposes of calculating the total number of images possessed by an offender who possesses videos. Further, because the statues that Congress relies on to define "images" lists various image formats but fail to indicate how each format should be tallied, it was necessary for the Sentencing Commission to develop a method to calculate the number of images contained in a video. In addition, the government's expert testified that, when calculating videos based on the typical standard of frame rate, a video lasting 5 minutes and 43 seconds contained 8,575 images, the Sentencing Commission's interpretation that each video contains 75 images represents a "fair and considered judgment" that does not unjustly penalize offenders. *See Kisor v. Wilkie*, 588 U.S. ___, 139 S. Ct. 2400, 2416-18 (2019) (clarifying when courts should defer to agency interpretations of ambiguous regulations).

Moreover, if the 75:1 ratio established by the Sentencing Commission is not entitled to deference, the district court's sentence remains procedurally reasonable. The district court heard testimony and made an express finding that the "record amply supports the application of the enhancement in this case, given the numerous quantity of videos, some of which are quite lengthy and would very easily exceed the. . . 600 image threshold." The district court concluded that Congress mandated that the Guidelines provide for incremental enhancements depending on the number of images of child pornography. Because Carmody possessed 188 videos, there is no question that he possessed over 600 images of child

pornography, even counting each of the videos as only two images each. Accordingly, we affirm as to this issue.

## III.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging a sentence bears the burden of proving that the sentence is unreasonable considering the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *Rosales-Bruno*, 789 F.3d at 1254. The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

Carmody argues that the district court's imposition of a 300-month sentence is substantively unreasonable because the district court did not consider the mitigating factors of his difficult upbringing when it weighed the § 3553(a) factors. Carmody also asserts that the district court erred because it failed to impose a proportional sentence when compared to other similarly situated

offenders.  The government responds that the district court was well within its discretion in concluding that an upward variance was warranted after considering the totality of the circumstances and the depravity of Carmody's conduct.

The record supports the district court's upward variance from the Sentencing Guidelines; thus, the sentence is substantively reasonable.  The district court adopted the Guidelines range but found that Carmody's "depraved actions" warranted an upward variance from the advisory guideline range.  The district court relied on the "substantial quantities of sadistic images" featuring "babies and toddlers who were heard screaming on the videos being raped and horrifically victimized" to impose the upward variance. The district court gave great weight to the factors of deterrence and protecting the public, finding that Carmody's "dangerous desire to harm children" created "a very strong and palpable need" to impose a substantial sentence.  The district court considered the § 3553(a) factors before concluding that the "extreme seriousness" of Carmody's "truly unspeakable" offenses outweighed the mitigating factors of his troubled upbringing and current familial support.

Although Carmody's sentence is an upward variance above the recommended guideline range, the sentence does not create a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors.  *Irey*, 612 F.3d at 1189.  Because Carmody fails to show that the district court abused its discretion in weighing the factors of deterrence, the

nature and circumstances of the offense, and the seriousness of the offense more heavily, we affirm Carmody's sentence. *Rosales-Bruno*, 789 F.3d at 1254.

Accordingly, based on the aforementioned reasons, we affirm Carmody's convictions and his 300-month sentence.

**AFFIRMED.**