**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-14067

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALEXANDER LESZCZYNSKI,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00371-JSM-SPF-1

————————————

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

While awaiting trial on criminal fraud charges, Alexander Leszczynski attempted to hire a hitman to kill the key witnesses against him. That hitman was actually an undercover officer.

Leszczynski was then charged with and pleaded guilty to attempted murder-for-hire and obstruction of justice. Leszczynski timely appealed, arguing that the district court erred in denying him a guidelines reduction for acceptance of responsibility. After review, we determine that the district court did not clearly err in declining to apply the reduction because Leszczynski's conduct following the plea was inconsistent with an acceptance of responsibility. Accordingly, we affirm.

## I.    Background

Leszczynski was originally indicted on, among other charges, a wire fraud and bank fraud charge for filing a fraudulent warranty deed purporting to transfer property owned by two homeowners to a fictitious corporation he controlled. While detained and awaiting trial, Leszczynski sent the homeowners threatening messages. He also told an individual at the jail that he wanted to hire a hitman to kill the homeowners so that the criminal case could not proceed. That individual was a confidential informant who told federal law enforcement agents about Leszczynski's comments.

The informant then placed Leszczynski in contact with an undercover agent posing as a hitman. During a recorded conversation on a jail phone, Leszczynski offered the agent $30,000 to kill the homeowners. The next day Leszczynski described to the agent the homeowners' appearance, his plans to pay for the murder, and requested that the agent carry out the scheme.

Leszczynski was subsequently charged with attempted murder-for-hire and obstruction of justice under 18 U.S.C. §§ 1958(a) and 1503(a). He pleaded guilty to the charges. However, after his plea and while awaiting sentencing, Leszczynski contacted the government and claimed that he was, in fact, innocent, and had identified "people wanting to come forward and confess to everything they did" relative to the murder-for-hire charge. He indicated that another inmate, Tyreece Sturgis, was responsible for the murder-for-hire plot and had coerced Leszczynski into pleading guilty.

In fact, Leszczynski was in the process of fabricating an elaborate story to explain his attempt to hire a hitman. As part of this story, Leszczynski attempted to pay Sturgis to confess responsibility for the crime. He wrote a postcard to Sturgis with instructions on what to say and attempted to have Sturgis implicate another inmate, Anthony Vega. Leszczynski also wrote to Vega to have Vega confess to the crimes. Each of these letters to the other inmates included threats and offers of payment to confess to the crimes.

Prior to sentencing, the probation office prepared a Presentence Investigation Report ("PSI"). As relevant here, the probation office applied an obstruction of justice enhancement against Leszcynski and denied him a reduction for acceptance of responsibility, noting that Leszczynski had sent threatening messages to his wire fraud victims and had attempted to convince

others to confess to the murder-for-hire.[1]  Finally, the probation office assessed three criminal-history points because of Leszczynski's convictions for wire and bank fraud, giving him a criminal-history category of II.  Leszczynski's advisory guidelines range was 188 to 235 months' imprisonment.

The morning of his scheduled sentencing hearing Leszczynski brought a letter to court that he claimed was written by a Kristopher Schuster in which the author admitted to having committed the charged crimes.  The letter included admissions that Schuster had threatened Leszczynski to get Sturgis to confess to the murder-for-hire charge.  After questioning Leszczynski, the court discounted the allegations in the letter and informed Leszczynski that claiming other people committed his crimes after he had already chosen to plead guilty was not accepting responsibility for those crimes.  When given the chance to address the court, Leszczynski said, "I would like to take responsibility.  I did do this."  He further stated, "I screwed up.  I did."

The district court sentenced Leszczynski to 210 months' imprisonment.  Leszczynski objected to the lack of a reduction for acceptance of responsibility.  Leszczynski then appealed both his wire fraud case and his sentence in this case to this Court.

---

[1] Meanwhile, Leszczynski pleaded guilty to the fraud charges in his first case and was sentenced to 210 months' imprisonment.  *United States v. Leszczynski*, case no. 23-13335, 2024 WL 3103305, at *1–3 (11th Cir. June 24, 2024).

We ultimately vacated the wire and bank fraud convictions after concluding that the district court should have permitted Leszczynski to withdraw his guilty plea. *Leszczynski*, 2024 WL 3103305, at *1–3 (11th Cir. June 24, 2024). And because those fraud convictions were included in the calculation of Leszczynski's guidelines range in the murder-for-hire case, we vacated his sentence and remanded for resentencing. *See United States v. Leszczynski*, No. 23-13743, 2024 WL 3936022, at *1 (11th Cir. Aug. 26, 2024).

Upon remand, the probation office removed the criminal history points for the fraud-related convictions and determined that Leszczynski had a criminal-history score of zero and a criminal-history category of I. The other calculations remained unchanged, including the enhancement for obstruction of justice and the lack of a reduction for acceptance of responsibility. His new criminal-history score yielded a guideline sentence range of 168–210 months. Leszczynski again objected to the lack of a reduction for acceptance of responsibility. Ultimately, the court accepted the probation office's recommendation, overruled Leszczynski's objection, and imposed a new sentence of 200 months' imprisonment. In doing so, the district court observed that Leszczynski had shown "no conscience" during the entire case.

Leszczynski timely appealed.

## II.    Discussion

On appeal, Leszczynski argues that the district court's decision was procedurally unreasonable because it did not include a reduction for accepting responsibility.  We disagree.

"We begin by ensuring that the district court committed no significant procedural error, such as improperly calculating the advisory guidelines range . . . ." *United States v. Mathews*, 874 F.3d 698, 704 (11th Cir. 2017).  We review district court findings regarding acceptance of responsibility for clear error.  *Id*. at 709 n.7. For a factual finding to be clearly erroneous, this Court "must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotations omitted).

The Sentencing Guidelines provide that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," the court shall "decrease the offense levels by 2 levels." U.S.S.G. 3E1.1(a). The court can consider whether the defendant merits the decrease by "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable." *Id*. § 3E1.1, cmt. (n.1(A)).

A defendant's guilty plea is significant evidence of an admission of responsibility.  *United States v. Wade*, 458 F.3d 1273, 1279 (11th Cir. 2006).  "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. (n.3).  The

defendant bears the burden of demonstrating that he has accepted responsibility. *Wade*, 458 F.3d at 1279.

The district court found that Leszczynski had not accepted responsibility and that he had instead attempted to obstruct justice by trying to have other inmates take responsibility for his crimes. Leszczynski entered a guilty plea, then developed a fanciful narrative to explain why other inmates, and not Leszczynski, were responsible for the criminal conduct to which he pleaded guilty. He also wrote to the prosecutor in his case and urged her to investigate his claims because he was innocent. Then, on the morning he was scheduled to be sentenced, he presented the court with a letter from yet another individual Leszczynski claimed was responsible for his criminal conduct. The court determined that Leszczynski's evidence of his alleged innocence lacked credibility. Based on these facts and Leszczynski's repeated attempts to have others confess to his crimes, the district court did not clearly err in finding that Leszczynski had not accepted responsibility for his crimes.

Leszczynski argues that by pleading guilty, he accepted responsibility for his crimes. He also argues that his statements at his first sentencing hearing that he "would like to take responsibility," that he "did do this," and that he "screwed up" warrant a reduction in his offense level. Not so.

A guilty plea alone, even one coupled with a perfunctory acknowledgement of responsibility, does not require the district court to apply a reduction when countered with evidence that the defendant does not fully admit the conduct comprising the offense.

*See Mathews*, 874 F.3d at 709; *Wade*, 458 F.3d at 1279.  The district court properly considered Leszczynski's post-plea conduct and repeated attempts to get someone else to accept responsibility for his crimes and determined that this conduct outweighed any acceptance of responsibility implicit in the guilty plea itself.  Based on the facts of this case, we are not left with a definite and firm conviction that the district court made a mistake.

### III.    Conclusion

The district court's decision not to apply a sentence reduction for Leszczynski's guilty plea was not clearly erroneous. Accordingly, we affirm.

**AFFIRMED**.