[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12451

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CODY MACK MCCORMICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cr-00020-MMH-MCR-1

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Cody McCormick appeals his sentence of 12 months' imprisonment with 3 years of supervised release for possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). He argues that the district court imposed a procedurally unreasonable sentence by misapplying U.S.S.G. § 2K2.1(b)(2) and by failing to impose a reduction based on his possession of ammunition as a collection. He argues that the district court imposed a substantively unreasonable sentence because it gave undue weight to his offense conduct, and it failed to take account of his history and the nature of the charges against him.

## I.

We review the district court's factual findings for clear error and the application of the Guidelines *de novo*. *United States v. Caldwell*, 431 F.3d 795, 798 (11th Cir. 2005). To be clearly erroneous, a factual finding must leave us with a definite and firm conviction that a mistake has been committed. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). Under § 2K2.1(b)(2), a defendant's base offense level should be reduced to 6 if the defendant possessed all ammunition solely for lawful sporting purposes or collection and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition. The commentary to the Guidelines is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that

guideline. *United States v. Cingari*, 952 F.3d 1301, 1308 (11th Cir. 2020). The commentary provides that the relevant surrounding circumstances for determining if possession qualifies as a collection include the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history, and the extent to which possession was restricted by law. § 2K2.1, comment. (n.6). The defendant must prove by a preponderance of the evidence that his possession was solely for collection purposes. *United States v. Skinner*, 968 F.2d 1154, 1156 (11th Cir. 1992).

Here, the court did not clearly err in finding that McCormick's possession of ammunition was not a collection. It considered the evidence presented at the sentencing hearing, including McCormick's testimony, and its analysis tracked the analysis set forth in the Guidelines commentary. § 2K2.1, comment. (n.6). McCormick fails to articulate any response to the court's conclusion that his possession had none of the hallmarks of a collection, in that he did not know the types of ammunition possessed, did not trade it, did not attempt to determine its value, and did not try to care for it or display it prominently within his home.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3)

commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record, the factors listed in § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, punish the defendant, protect the public, and deter crime. § 3553(a). The court has discretion to decide how much weight to give to each § 3553(a) factor. *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir 2008). Further, while we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the guidelines range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, McCormick's sentence is substantively reasonable. The court did not abuse its discretion in weighing the nature and circumstances of his offense, his history and characteristics, including his previous convictions, and the need to protect the public. § 3553(a). Further, the court's sentence was at the low end of the Guidelines range, indicating that it appropriately considered both McCormick's aggravating circumstances, including his regular drug use, his criminal history, and his proclivity for building and testing explosives, and his mitigating circumstances, including the nature of his offense and his desire to reestablish relationships with

his family.  *See Hunt*, 526 F.3d at 746.  Finally, the court had discretion to decide how much weight to give each § 3553(a) factor, choosing to emphasize his prior criminal history and his participation in dangerous activities like creating explosive devices which could harm the public.  *See Williams*, 526 F.3d at 1323.

**AFFIRMED.**