**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14043

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSEPH ACEVEDO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cr-14010-DLG-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Joseph Acevedo brings this appeal to challenge the factual findings underlying the district court's Guidelines range calculation and sentence.  We affirm.

## I.

Obeying traffic laws has many benefits. One is avoiding unwanted police encounters. Perhaps forgetting that point, Stanley Rumowski (who was behind the wheel) and Joseph Acevedo (who sat in the passenger seat) rolled through a stop sign on the way home from a meeting with their cocaine supplier. Police pulled them over, and a drug sniffing dog soon alerted that the vehicle contained narcotics. A search revealed a loaded pistol in the driver's side door panel, $12,540 in cash in the center console, and a brick of cocaine inside a beige backpack on the back seat. A consensual search of Acevedo's cell phone further revealed a photo—taken that same day—of two tall stacks of cash and a gun inside that same beige backpack.

Acevedo was charged with one count of conspiracy to distribute cocaine, one count of possession with intent to distribute cocaine, and one count of possession of a firearm in furtherance of a drug trafficking crime. *See* 21 U.S.C. §§ 846, 841(a)(1); 18 U.S.C. § 924(c). A jury convicted him of the conspiracy and cocaine possession charges, but acquitted on the firearm possession charge.

At sentencing, the district court applied a two-level enhancement based on the firearm found in the vehicle. *See* U.S. Sentencing Guidelines § 2D1.1(b)(1) (Nov. 2024). Acevedo faced an advisory Guidelines range of 92 to 115 months' imprisonment. In the end, the court sentenced him to 96 months.

Acevedo brings this appeal to challenge the district court's factual findings with respect to the firearms enhancement, arguing

that it was not reasonably foreseeable to him that Rumowski would possess a firearm in the course of the conspiracy.

## II.

"We review the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error." *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (quotation omitted). Clear error review is "highly deferential." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). We will not disturb the district court's factual findings unless we are "left with a definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation omitted).

## III.

Guideline § 2D1.1(b)(1) provides a two-level sentencing enhancement when the offense conduct involves the possession of a firearm. This enhancement "may be applied when the firearm is possessed by a co-conspirator," "even where defendants claim they were unaware of the firearm possession." *Pham*, 463 F.3d at 1245–46. For the enhancement to apply in this case, the government must prove by a preponderance of the evidence that "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." *Id.* at 1245 (quotation omitted).

Acevedo does not dispute the first three elements—only the fourth. He challenges as clearly erroneous the district court's factual finding that Rumowski's firearm possession was reasonably foreseeable. According to Acevedo, he and Rumowski "did not see any need for a firearm" on the day of the meeting with their supplier—a trusted family friend.

We are unpersuaded. Because "guns are a tool of the drug trade," there is a "frequent and overpowering connection between the use of firearms and narcotics traffic." *Id.* at 1246 (quotation omitted). Here, there was more than enough evidence to suggest that the possession of a firearm was reasonably foreseeable. *First*, the firearm was located in the driver's side door panel—no more than an arm's length from Acevedo. *Second*, Acevedo snapped a photo earlier that day of a firearm and two tall stacks of cash inside the same beige backpack found on the back seat. Regardless of whether that firearm was the one found inside the vehicle, the photo contradicts Acevedo's assertion that his personal relationship with the supplier obviated the need for a firearm. *Third* and relatedly, Rumowski and Acevedo trafficked large sums of cocaine. They obviously "felt the need to protect their inventory and proceeds" in the course of that "high risk activity," given that police discovered cash, drugs, and a firearm inside the vehicle. *United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir. 2005). Where, as here, "the conspiracy involved trafficking in lucrative and illegal drugs," "we have found it reasonably foreseeable that a co-conspirator would possess a firearm." *Pham*, 463 F.3d at 1246. The district court did not clearly err by making that same finding in this case.

24-14043                Opinion of the Court                    5

★     ★     ★

We **AFFIRM**.