**NOT FOR PUBLICATION**

## In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-14095

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TERRENCE PEOPLES,
a.k.a. Rozay,
a.k.a. Stacks,
a.k.a. Skrillz,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00344-WFJ-LSG-1

————————————————

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Terrence Peoples appeals his 60-month sentence for conspiracy to commit bank fraud and aggravated identity theft, arguing that the sentence is procedurally and substantively unreasonable. We disagree and affirm.

## I.

For more than two years, Peoples conspired to defraud a bank. He recruited accountholders at the bank and others for his operation. An accountholder would provide Peoples with her account information, debit card, and PIN. Peoples would then provide a counterfeit check to another person and direct that person to deposit the counterfeit check into the bank account. After that, Peoples would withdraw the fraudulent funds using the accountholder's debit card and PIN. In total, Peoples was responsible for an intended loss amount of $9,305.57. He was indicted for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count One), and for aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Two). He pleaded guilty to both counts.

The probation office filed a presentence investigation report (PSR) that calculated Peoples's base offense level for Count One at 7. It added two two-level enhancements, one because the intended loss was between $6,500 and $15,000 and the other because Peoples had a leadership role in the offense. The office also added a two-level deduction because Peoples accepted responsibility. This gave Peoples a total offense level of 9. He had a criminal history category of III. His Guidelines range for Count One was 8–14 months' imprisonment, followed by two to five years' supervised release.

Count Two carried a statutory mandatory minimum sentence of 24 months' imprisonment, to be served consecutive to any other sentence. Count Two's Guidelines sentence was the 24-month mandatory minimum, followed by one year of supervised release. The PSR also listed Peoples's various past convictions from 2013 to 2024, including two prior convictions for uttering a forged instrument. The PSR further noted that many of those past convictions resulted in probation sentences that Peoples later violated.

At sentencing, Peoples objected to the two-point leadership enhancement in the PSR, and the Government stated that it did not support the enhancement as Peoples had recruited only two people. The District Court overruled the objection, stating that the stipulated facts in the plea agreement satisfied what was needed for the enhancement. The Court stated that Peoples actively recruited two people and that "a good portion of the offense would not have occurred but for that." The Court adopted the facts and Guidelines calculation in the PSR.

The Government requested a Guidelines-range sentence of 32 months' imprisonment followed by five years' supervised release, citing Peoples's history of similar crimes. The Court then observed that Peoples's criminal history included two "scorable" offenses related to check fraud and stated that the "issue" was his history of similar crimes and parole violations.

Peoples responded that his Guidelines range already accounted for his criminal history and that a 32-month sentence was

appropriate given his prompt admission of guilt. He also apologized for his conduct.

The Court then, again, explained that "the issue here is" Peoples's "repeated history of uttering [a forged instrument]" and his multiple parole violations. It sentenced Peoples to a total of 60 months' imprisonment—36 months for Count One and the mandatory 24 months for Count Two.[1] It cited Peoples's history of similar crimes, his "apparent failure to be amenable to supervision," and the need for specific deterrence as reasons for the upward variance on Count One. The Court also stated that it had heard from Peoples and his attorney and that it had considered the Sentencing Guidelines and "all the factors identified in 18 U.S.C. 3553(a)(1) through (7)."

Peoples objected to the sentence as procedurally and substantively unreasonable. Peoples timely appeals.

## II.

When reviewing the procedural reasonableness of a sentence, we review de novo the legal issues, including the district court's application of the Guidelines to the established facts, and we review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010); *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996).

---

[1] It also sentenced Peoples to five years of supervised release for Count One and one year of supervised release for Count Two, to be served concurrently upon release from prison.

24-14095          Opinion of the Court          5

A sentence may be procedurally unreasonable if the district court fails to calculate or improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

Peoples makes a, frankly, incomprehensible argument here: the Court improperly calculated the Guidelines range because it varied above that range based on a factor—criminal history—already accounted for in the Guidelines. In other words, though he states that the range was miscalculated, he actually argues that it was the variance, not the range, that was wrong. Peoples does not argue anything actually included in the Guidelines calculation—the base offense level, enhancements, deductions, or criminal history—was improperly included.[2] He maintains only that the variance based on criminal history was improper. This argument may have had merit as a substantive reasonableness claim, *see Gall*, 552

---

[2] Peoples does state, as part of his substantive reasonableness claim, that the District Court, when calculating his offense level, added a two-point leadership enhancement that neither he nor the Government thought was warranted. However, Peoples does not actually state that this was error; he merely states that it happened. He, therefore, abandoned any challenge to it. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

U.S. at 51, 128 S. Ct. at 597 ("[T]he appellate court should . . . consider the substantive reasonableness of the sentence . . . , including the extent of any variance from the Guidelines range."), but that is not what Peoples gave us. Seeing no argument related to the actual calculation of the Guidelines range—and no argument related to any other procedural reasonableness issue—we reject Peoples's procedural reasonableness claim.

## III.

Peoples also argues that his sentence is substantively unreasonable because the Court did not consider the sentencing factors, specifically the "very small" loss amount of his "relatively simple" fraud; the much shorter sentences of his co-conspirators[3]; and his depression, substance abuse, attention deficit disorder, and anxiety.[4]

---

[3] One co-conspirator received probation, another received time served and probation, another received 15 months' imprisonment, and another received one day's imprisonment with credit for time-served and three years of supervised release.

[4] Peoples also criticizes the Court for its consideration of specific deterrence in imposing his sentence, stating that research shows that increasing prison sentences does not deter crime. Though Peoples does not explicitly state that such consideration was error, to the extent that he makes that argument, we disagree. It was not error to consider specific deterrence; the court explicitly can consider it. 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct.").

24-14095                Opinion of the Court                7

When reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances under a deferential abuse of discretion standard. *Gall*, 552 U.S. at 51, 53, 128 S. Ct. at 597–98. We give "due deference" to the District Court both in considering and weighing the sentencing factors, *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (internal quotation marks omitted), and in deciding whether those factors justify a variance from the Guidelines range, *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). The justification must be "sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. But "an extraordinary justification" is not required, *Shaw*, 560 F.3d at 1238, and the justification can be based on factors already encompassed in the Guidelines range, *see United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015) ("[T]he district court properly considered the defendant's prior criminal conduct in varying upward, even though the conduct already was factored into the advisory guidelines range.").

The district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010). In other words, we will not vacate a sentence unless we are "left with the definite and firm conviction that the district court committed a

clear error of judgment in weighing the [sentencing] factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190.

The proper factors for the district court to consider at sentencing include, among others, the "nature and circumstances of the offense," "the history and characteristics of the defendant," the seriousness of the crime, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). The district court does not have to give all factors equal weight; it can "attach great weight to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (internal quotation marks omitted). And, though it should consider the Guidelines range, it can give greater weight to the sentencing factors. *Id.* ("The Court exercised its authority to assign heavier weight to several other sentencing factors than it assigned to the guidelines range."). Further, a "District Court is not required to explicitly address each of the [sentencing] factors"; an "acknowledgment" that it has considered the factors and the defendant's arguments is enough. *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (citation and internal quotation marks omitted).

Here, the Court did consider the sentencing factors. It discussed Peoples's history of similar crimes, his failure to abide by his parole requirements, and the need for specific deterrence. Though

it did not specifically discuss the information that Peoples references, it stated at sentencing that it had heard him and had considered all factors.[5] That was enough.

The Court properly considered and weighed the sentencing factors. It simply weighed them different from how Peoples wanted, which does not constitute an abuse of discretion. Indeed, "[t]he decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *Rosales-Bruno*, 789 F.3d at 1254.

## III.

Peoples's 60-month sentence was procedurally and substantively reasonable. We, therefore, affirm.

**AFFIRMED.**

---

[5] Further, though Peoples argues that the Court incorrectly failed to consider the much shorter sentences of his co-conspirators, he gives no information about the co-conspirators' records to show that they were similarly situated. *See* 18 U.S.C. § 3553(a)(6) (stating that the court is to consider, at sentencing, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (analyzing an argument related to a sentencing disparity between co-conspirators under 18 U.S.C. § 3553(a)(6)). He therefore did not provide enough information to show that a sentencing disparity would result. For "[a] well-founded claim of disparity . . . assumes that apples are being compared to apples," *Id.* at 573, and thus needs facts specific enough to "gauge" that, *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011).